IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **ARIEL BUCKNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action File No.** |
| v. ) | _____ |
| ) | |
| **VINTAGE HOSPITALITY GROUP,** ) | |
| **LLC, d/b/a COMFORT INN SUITES** ) | |
| **and MANOJ PATEL** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Ariel Buckner (hereinafter "Ms. Buckner"), by and through undersigned counsel, and hereby files this Complaint for Damages against Vintage Hospitality Group, LLC. ("Vintage Hospitality") and Manoj Patel (hereinafter collectively referred to as the "Defendants") showing as follows:

## INTRODUCTION

1.

Manoj Patel is the owner of Vintage Hospitality. Vintage Hospitality and Manoj Patel jointly employed Ms. Buckner. Therefore, Vintage Hospitality and Manoj Patel are joint employers.

2.

The instant action arises from Defendants' violation of Ms. Buckner's right to minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

3.

During the employment of Ms. Buckner, Defendants violated the FLSA by failing to timely pay Ms. Buckner at the legally required minimum wage rate for all hours worked. As a result, Ms. Buckner is seeking unpaid minimum wages, unpaid regular wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b) and applicable law.

## **JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

5.

Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

## **PARTIES**

6.

Ms. Buckner resides in Barrow County, Georgia and is a citizen of the United States.

7.

At all times material hereto, Ms. Buckner was a non-exempt "employee" of Defendants for purposes of the FLSA.

8.

At all times material hereto, Ms. Buckner handled, sold, and/or worked with goods or materials that have been moved in or produced for commerce, and he was thus engaged in commerce during her employment with the Defendants.

9.

Defendant Vintage Hospitality is a Georgia corporation with its principal office located at 3980 Atlanta Highway, Bogart, Georgia 30622. Vintage Hospitality regularly does business in the State of Georgia and may be served through its registered agent, Manoj Patel, at 3980 Atlanta Highway, Bogart, Georgia 30622.  At all times material hereto, Vintage Hospitality was an "employer" of Ms. Buckner for purposes of the FLSA, and Vintage Hospitality is jointly and severally liable for the failure to pay Ms. Buckner as required.

10.

Defendant Manoj Patel ("Mr. Patel") is a Georgia resident. On information and belief, Mr. Patel is the Owner of Vintage Hospitality. At all times material hereto, Mr. Patel exercised control over significant aspects of the operations of Vintage Hospitality, including employee compensation, and Mr. Patel personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Mr. Patel was an "employer" of Ms. Buckner for purposes of the FLSA, and Mr. Patel is jointly and severally liable for the failure to pay Ms. Buckner as required.

11.

At all times material to this action, Vintage Hospitality and Mr. Patel were Ms. Buckner's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Ms. Buckner, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Buckner, and/or because the individual Defendants shared control of Ms. Buckner's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

12.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

## FACTUAL ALLEGATIONS

13.

Ms. Buckner worked for the Defendants from approximately August 5, 2016 until August 14, 2016.

14.

Defendants agreed to pay Ms. Buckner at the rate of $7.75 per hour for each hour worked.

15.

Defendants failed to pay Ms. Buckner for all hours that she worked from August 5, 2016 until August 14, 2016. Ms. Buckner worked a total of 58 hours and 5 minutes from August 5, 2016 until August 14, 2016. Ms. Buckner was only compensated for 58 hours and 5 minutes. Thus, Defendants owe Ms. Buckner for an additional 28 hours and 5 minutes of work and $217.65 in unpaid wages.

16.

Although Defendants were aware of the fact that Ms. Buckner worked a total of 58 hours and 5 minutes from August 5, 2016 until August 14, 2016, Defendants failed to compensate Ms. Buckner at the minimum wage rate for all of these hours.

17.

Before initiating the instant suit, Ms. Buckner attempted to resolve her claims outside of litigation; however, Defendants refused to pay Ms. Buckner the unpaid wages owed to her.

18.

As a result of Defendants' refusal to pay Ms. Buckner directly for her uncompensated time, Mr. Buckner had to seek the assistance of undersigned counsel.

19.

By unjustifiably refusing to compensate Ms. Buckner for hours worked, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Buckner unnecessary trouble and expense.

20.

Defendants have not made a good faith effort to comply with the FLSA with respect to Ms. Buckner.

## **COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)**

21.

Ms. Buckner and incorporates Paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22.

At all times relevant hereto, Ms. Buckner was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Ms. Buckner at a rate not less than the hourly minimum wage of $7.25 per hour.

23.

By failing to properly pay Ms. Buckner accordance with § 206 of the FLSA, despite knowledge of Ms. Buckner's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

24.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Ms. Buckner is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Ms. Buckner at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## COUNT TWO: BREACH OF CONTRACT

25.

Ms. Buckner realleges and incorporates Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.

Defendants agreed to pay Ms. Buckner an hourly wage for each hour worked.

27.

By failing to pay Ms. Buckner for each hour worked, Defendants breached their agreement with Ms. Buckner.

28.

As a result of Defendants' breach of contract, Ms. Buckner is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT THREE: ATTORNEYS' FEES AND EXPENSES

29.

Ms. Buckner realleges and incorporates Paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Buckner unnecessary trouble and expense.

31.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Ms. Buckner for the attorneys' fees and costs incurred to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Buckner prays:

(a)     That Defendants be served with process and required to answer this suit;

(b)     For a trial by a jury;

(c)     For judgment in favor of Ms. Buckner and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(d)     For an award of litigation expenses and costs, including attorneys' fees; and

(e)     For such other and further relief as this Court deems just and proper

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 19th day of October, 2016.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
*Attorney for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com