# CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Confidential Settlement, Separation, and General Release Agreement, ("Agreement") is entered into between **Ariel Buckner,** an individual ("Buckner"), on behalf Buckner and Buckner's heirs, successors and assigns, and **Vintage Hospitality Group, LLC d/b/a Comfort Inn Suites** ("Vintage" or the "Company")) **and Manoj Patel** (Patel and the Company may be referred to collectively as the Defendants).

In consideration of the obligations herein made and undertaken, the parties, intending to be legally bound, covenant and agree as follows:

**Section 1.** **Settlement of Disputed Claims; Court Approval; Dismissal of Litigation**. Buckner and the Defendants wish to settle fully and finally all differences and disputes between them, including but not limited to the matter styled **Buckner v. Vintage Hospitality Group, LLC d/b/a Comfort Inn Suites and Manoj Patel, Civ. Action No. 3:16-CV-142-CDL** (the "Litigation"), filed in the United States District Court for the Middle District of Georgia (the "Court"). The parties agree that this Agreement, and all consideration to be paid, is expressly conditioned upon the Court's approval of the settlement terms and the dismissal with prejudice of the Litigation.

**Section 2.** **Non-Admission of Liability**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement will be deemed or construed at any time for any purpose as an admission of any liability or unlawful conduct of any kind.

**Section 3. Consideration**. In exchange for Buckner's execution of this Agreement, and release of claims, Company will pay to Buckner the total amount of $4,251.55 in a one-time payment ("Settlement Pay"), such amount representing payment in full of the total unpaid wages claimed by Buckner of $217.65, an equal amount in liquidated damages, and an additional $14.25 as payment in full of all claimed contract damages, for a total damages payment of $449.55, with the remaining $3,802.00 constituting Buckner's demanded attorney's fees and costs. On Buckner's request, the total payment shall be apportioned as follows:

   a.  $1,945.42 will be made in a check made payable to Cohan Law Group, LLC. (Buckner's counsel, Federal Tax Identification No. ▓▓▓▓▓, "Cohan Law"), and reported to the Internal Revenue Service ("IRS") on an IRS Form 1099-MISC for Cohan Law and Buckner, as required by law, for payment of any and all claims of legal expenses and/or attorneys' fees;

   b.  $2,306.13 will be made in a check made payable to Buckner, representing full and complete settlement of all non-wage and contested-wage claims, and reported to the IRS on an IRS Form 1099-MISC. Buckner understands acknowledges and agrees that Buckner will be solely and exclusively responsible for all taxes associated with this portion of the Settlement Pay.

The payments pursuant to Section 3 will be delivered as soon as administratively feasible, but no later than 15 business days after the date Company receives notice that the Court has

approved the settlement and dismissed with prejudice the Litigation.

**Section 4. No Consideration Absent Execution of this Agreement.** Buckner understands and agrees that Buckner would not receive the monies and/or benefits specified in this Agreement, except for Buckner's execution of this Agreement and the fulfillment of the promises contained herein.

**Section 5. Non-Disparagement.** Buckner will not knowingly or intentionally make any false or misleading statements about the Company, its officers, directors, or agents, or the Comfort Inn that the Company operates, or about Patel.

**Section 6. Consultation with an Attorney.** Buckner agrees that Buckner has, in fact, consulted with counsel concerning this Agreement and its terms and Buckner's rights and obligations under the Agreement. Buckner agrees that Buckner has carefully read this Agreement and understands its contents, and that Buckner signs this Agreement voluntarily, with a full understanding of its significance, and intending to be bound by its terms.

**Section 7. Waiver and Release of All Claims by Buckner.** As a material inducement to the Company to enter into this Agreement, Buckner, on behalf of Buckner and Buckner's heirs, successors, and assigns, irrevocably and unconditionally releases, acquits, and forever discharges the Company and its subsidiaries, affiliates, members, managers, officers, employees, representatives, attorneys, personal representatives, partners, agents, successors and assigns, and all persons acting by, through, under or in concert with any of them (collectively, "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses, or any contracts, express or implied, whatsoever of every nature and name, whether known or unknown, or any tort, or any claims regarding Buckner's association with the Company, or any federal, state, or other governmental statute, regulation or ordinance, including, without limitation: Title VII of the Civil Rights Act of 1964, as amended; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended; The Americans with Disabilities Act of 1990, as amended; The Equal Pay Act; The Family and Medical Leave Act; the Age Discrimination in Employment Act, as amended; The Rehabilitation Act of 1978; federal, state or local anti-retaliation statutes; intentional or negligent infliction of emotional distress or "outrage"; defamation; interference with employment or contract; breach of contract; quasi contract; promissory estoppel; wrongful discharge; invasion of privacy; defamation; slander; libel; or any other statutory or common law claim, which Buckner now has, owns or holds, or which Buckner at any time heretofore had, owned or held, or claimed to have owned or held, against each or any of the Releasees at any time.

It is expressly agreed and understood that the release contained herein is a GENERAL RELEASE. This means that Buckner is releasing any and all causes of action or claims, known or unknown, and whether or not arising out of or in connection with Buckner's association with the Company, and any reference to a specific Claim arising out of or in connection with Buckner's association with the Company is not intended to limit the release of Claims. This

2

Agreement does not seek to release claims that Buckner cannot, as a matter of law, waive, or release, but is intended to and will be otherwise complete and absolute. Nothing in this Agreement is intended to waive Buckner's entitlement to vested benefits under any retirement, stock incentive, or other benefit plan provided by the Company (of which, the Parties agree, she has none). The above release does not waive claims that Buckner could make, if available, for unemployment or worker's compensation, and does not foreclose Buckner from filing administrative claims with any government agency (though Buckner waives any recovery from any such filing).

Section 8. **Waiver and Release of Claims by Defendants**. In exchange for and contingent upon Buckner's full execution and compliance with the terms of this Agreement, Defendants hereby forever, fully, and finally release, acquit, and discharge Buckner and all of her heirs, executors, administrators, attorneys, and assigns of and from any and all claims, suits, debts, liability, obligations of any kind or nature whatsoever known or unknown expressed or implied at law or in equity and all from the beginning of the world to date of this Agreement.

Section 9. **Knowing and Voluntary Acknowledgment**. Buckner specifically agrees and acknowledges that: (i) she has read this Agreement in its entirety and understands all of its terms; (ii) she has been advised of and has availed herself of her right to consult with her attorney prior to executing this Agreement; (iii) she knowingly, freely and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release and covenants contained herein; (iv) she is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which she is otherwise entitled; and (v) she is not waiving or releasing rights or claims that may arise after her execution of this Agreement.

Section 10. **Confidentiality**. The Parties shall not publicize or disclose or cause to be publicized or disclosed the terms of this Agreement, or any information pertaining to the negotiations leading thereto. Upon inquiry regarding this matter, the Parties shall state only that the matter was resolved to the satisfaction of the Parties, or words to that effect. Nothing in this Agreement shall prohibit Buckner from disclosing information to her tax professionals, attorneys, or adult members of her immediate family, provided that prior to disclosure each such individual agrees to be bound by the terms and conditions of this confidentiality provision. Similarly, nothing in this Agreement shall prohibit Defendants from disclosing information to its tax professionals, to its attorneys, and to such employees of Defendants who have a legitimate need to know in order to effect the terms of this Agreement, provided that prior to disclosure each such individual agrees to be bound by the terms and conditions of this confidentiality provision.

Section 11. **Tender**. Buckner further agrees not to institute a suit or claim concerning any matter released or waived herein, or sue the Company concerning such matter. If Buckner violates this covenant, otherwise materially breaches any obligation in this Agreement, and/or seeks to challenge the validity of the release above, Buckner agrees that Buckner will immediately return any and all monies and benefits paid by the Company pursuant to this

Agreement.

Section 12. **Affirmations**. Buckner represents and affirms that: (a) Buckner has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against the Company in any forum or form; (b) Buckner has not worked any hours (regular or overtime) for which, once the Settlement Pay is received, Buckner has not been fully compensated at the appropriate rate(s);(c) Buckner has been paid all compensation, wages, bonuses, commissions, and/or benefits to which Buckner may be entitled; and (d) Buckner has not divulged the Company's proprietary or confidential information and will maintain the confidentiality of such information consistent with the Company's policies and common law.

Section 13. **Released Claims**. The parties acknowledge that this Agreement does not limit any parties' right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Buckner agrees that if any such claim is made, Buckner will not be entitled to recover any individual monetary relief or other individual remedies.

Section 14. **Agreement Not to Seek Reemployment**. To prevent any future disputes between Buckner and the Company, Buckner understands and agrees that (a) she will not ever apply or otherwise seek employment or reemployment with the Company or any related entity or affiliate, at any time in the future at any location, (b) that her forbearance to seek future employment as just stated is purely contractual and is in no way involuntary, discriminatory, or retaliatory, and (c) that the Company may use this Agreement as the sole reason to reject any inquiry or application for employment that Buckner may make.

Section 15. **Representations**. Buckner represents and acknowledges that in executing this Agreement, Buckner does not rely, and has not relied, upon any representation or statement (oral, written, implied, or expressed) not set forth herein made by the Company or by any of the Company's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

Section 16. **Governing Law**. This Agreement and the parties' rights and obligations hereunder, will be governed by, construed, and enforced in accordance with the laws of the State of Georgia without regard to its conflict of laws rules. Any litigation arising out of or relating to this Agreement will be commenced and conducted only in either the state courts in Athens-Clarke County, Georgia or the United States District Court for the Middle District of Georgia. Each party hereby consents to the exclusive jurisdiction of such courts for such purpose and hereby waives any objection that such party might otherwise have to jurisdiction and venue in any such court. The parties agree that in any action based upon or initiated to enforce the terms of this Agreement, the prevailing party will be entitled to recovery, in addition to any damages, the attorneys' fees, expenses, and costs incurred in enforcing and/or defending the Agreement.

Section 17. **Severability**. The parties agree that should any of the provisions of the Agreement, excluding the general release language herein be determined invalid by a court of competent jurisdiction, such a determination will not affect the enforceability of the remaining

4

provisions of the Agreement and such provisions will remain in full force and effect.

Section 18. **Sole and Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and supersedes any and all prior agreements or understandings between the parties, including any and all oral or implied promises and/or contracts, pertaining to the subject matter hereof.

Section 19. **Time is Of The Essence**. Time is of the essence as to every provision of this agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, BUCKNER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT SHE HAS OR MIGHT HAVE AGAINST THE COMPANY.

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date written below.

**VINTAGE HOSPITALITY GROUP, LLC**

By: _____
**Manoj Patel**
**Manager**

2/1/17
Date

**ARIEL BUCKNER**

_____
Ariel Buckner

January 30, 2017
Date

**MANOJ PATEL**

_____

2/1/17
Date